IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

vs.                                         Case Nos.:        3:10cr67/RV/EMT
                                                             3:14cv28/RV/EMT
FRANCISCO TORRES-RODRIGUEZ

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 337).    The Government filed a response (ECF No. 351), and Defendant filed a reply (ECF No. 355).    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.    *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).    After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.    *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

Case Nos.: 3:10cr67/RV/EMT; 3:14cv28/RV/EMT

## PROCEDURAL BACKGROUND

On June 15, 2010, Defendant and five others were charged in a six-count indictment with drug, immigration, and weapons offenses (ECF No. 34). Defendant was charged in Count One with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and in Count Two with possession with intent to distribute 500 grams or more of cocaine on a date certain (*id*.)   The court scheduled a change of plea hearing, and a written statement of facts is in the record, but Defendant ultimately exercised his right to a jury trial along with co-defendants Alejandrino Popoca and Juan Jalomo-Ruiz (ECF Nos. 110, 111, 120, 121).   Retained counsel John L. Wilkins represented Defendant at trial.   On the third day of trial, by special verdict the jury found Defendant guilty of conspiracy to distribute at least five kilograms of cocaine, and possession with intent to distribute at least 500 grams of cocaine (ECF No. 151).

Defendant's Presentence Investigation Report ("PSR") (ECF No. 186) described him as the nephew of co-defendant Popoca and as a driver or courier in a large cocaine distribution ring in the Northern District of Florida (ECF No. 186, PSR ¶¶ 13, 20, 39).   Defendant and co-defendants Jalomo-Ruiz and Popoca were

arrested when they traveled together to investigate the purported disappearance of another of Popoca's couriers.    Information was obtained from numerous individuals who had contact or dealings with the conspiracy (ECF No. 186 at 6–8). This information was used to determine the scope of the conspiracy, as well as the roles of the participants and the quantity of drugs attributable to each.    Defendant was held accountable for 12 kilograms of cocaine (ECF No. 186, PSR ¶¶ 41, 54). The base offense level for between 5 and 15 kilograms of cocaine is 32, and after a two-level adjustment for possession of a dangerous weapon, Defendant's total offense level was 34 (ECF No. 186, PSR ¶¶ 54–63).    Defendant, who was 22 years old at the time his PSR was prepared, had no criminal history, so his criminal history category was I (ECF No. 186, PSR ¶¶ 66–67).    The applicable guidelines range was 151 to 188-months imprisonment (ECF No. 186, PSR ¶ 90).

On December 9, 2010, the court sentenced Defendant to 162-months imprisonment on Counts One and Two, to run concurrently, followed by concurrent terms of five years of supervised release (ECF Nos. 191, 195, 196, 263).    The court stated that this sentence was at the lower part of the Guidelines range to take into

Case Nos.: 3:10cr67/RV/EMT; 3:14cv28/RV/EMT

account some mitigating factors, such as Defendant's lack of criminal history (ECF No. 263 at 15–16).

Defendant appealed, represented by retained counsel Clifford L. Davis (ECF Nos. 246, 247, 249).   He challenged the sufficiency of the evidence with respect to Count Two, and he alleged district court error in enhancing his sentence for possession of a firearm (ECF No. 306 at 4). The Eleventh Circuit affirmed Defendant's conviction and sentence, finding, without discussion, that his claims lacked merit (ECF Nos. 306, 307 at 6–7).

Defendant timely filed the instant motion to vacate raising seven grounds for relief.   The Government opposes the motion in its entirety.

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise

subject to collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.    *Nyhuis*, 211 F.3d at 1343 (quotation omitted).    Broad discretion is afforded to a court's determination of

whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."   *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective

factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, No. 14-15541; 2016 WL 6518520 n.5 (11th Cir. Nov. 1, 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v.*

*Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon*

*v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."   *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result

is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.   *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"   *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."   *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A

defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even

affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### Grounds One and Two—Failure to Challenge Arrest and Search

In his first two grounds for relief, Defendant contends that counsel was constitutionally ineffective because he did not challenge either the arrest warrant or the search warrant in this case.

Defendant was arrested on May 23, 2010.   Juan Jalomo-Ruiz was the driver of a Nissan pick-up truck transporting Defendant and Rodriguez-Popoca to Tego's Barbershop for a meeting with a Source of Information ("SOI").   The meeting pertained to the purported failure of one of Popoca's drug couriers to appear at a designated location with the two kilograms of cocaine the SOI had ordered.   When the vehicle arrived at the barbershop, law enforcement, including marked units, attempted to block the vehicle in.   The occupants tried to flee in their vehicle but ultimately surrendered.   Immigration and Customs Enforcement agents questioned all three men in Spanish and determined that they were illegal aliens.

A criminal complaint was filed in the instant case on May 25, 2010, and Defendant made an initial appearance in this court on June 3, 2010, at which time he was detained without bond.   He first contends that his trial attorney was ineffective for failing to challenge the affidavit in support of the arrest warrant (ECF No. 2) because the information in possession of law enforcement pertained almost exclusively to co-defendant Popoca, because Defendant was not the driver, and because, Defendant claims, he had committed no crime.

The Government concurs with Defendant's description of Special Agent Humphreys' affidavit as focusing on the activities of Alejandrino Popoca, who was the leader of the conspiracy (ECF No. 2).   However, under the totality of the circumstances, the fact that Defendant was a passenger in the vehicle which was found to contain two other illegal aliens and two loaded firearms, and was traveling to meet an individual with knowledge about the disappearance of a driver transporting two kilograms of cocaine, was sufficient to support a finding of probable cause.   Such a finding requires only that a reasonable person would have believed that probable cause existed had he known all of the facts known by the officer.   *See Rankin v. Evans*, 133 F.3d 1425, 1434–35 (11th Cir. 1998).

"Probable cause is judged not with clinical detachment but with a common sense view to the realities of normal life."   *Lorenzo v. City of Tampa*, 259 F. App'x 239, 242 (11th Cir. 2007) (quoting *Rankin,* 133 F.3d at 1436).   In this case there was abundant evidence of Popoca's involvement in drug dealing from consensually monitored telephone conversations (*see* ECF No. 2).   Despite the fact that Defendant was not mentioned by name, his presence on the mission to meet with the SOI about a missing courier and his two kilograms of cocaine was significant. And, despite Defendant's assertions to the contrary, Agent Humphreys noted in his affidavit that the confidential informant ("CI") who provided information about Popoca's activities had provided information in the past that the agent had independently corroborated, thus attributing to the CI a certain measure of reliability (ECF No. 2 at 4).

Defendant's former trial counsel, John Wilkins, submitted an affidavit in response to Defendant's accusations of ineffectiveness.   Mr. Wilkins notes that under the totality of the circumstances, "there was no probability, much less possibility, probable cause would not be found that the Defendant had committed a crime against the United States Government" (ECF No. 351-2 at 1).   The

undersigned concurs, and also notes that the Magistrate Judge's finding of probable cause was supported by the fact that a Grand Jury returned a True Bill of Indictment against Defendant (*see* ECF No. 351-2 at 1; ECF No. 34).

The law is well-established that counsel is not ineffective for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g*., *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue);

*Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).   Counsel was not constitutionally ineffective here for his decision not to challenge the arrest as lacking in probable cause.

Defendant next contends that trial counsel was ineffective for failing to file a motion to suppress the evidence seized as a result of the stop outside the Tego Barbershop where Popoca had arranged to meet the SOI.   Defendant contends there was no reason to conduct a stop because there was no reasonable suspicion to believe a crime had just occurred and that he was armed and dangerous.   Thus, he asserts, counsel was constitutionally ineffective for failing to challenge the stop, search, and seizure on May 23, 2010.

When counsel's alleged ineffectiveness involves a failure to litigate or competently litigate a Fourth Amendment claim, in order to demonstrate actual prejudice, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different

absent the excludable evidence.   *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Green v. Nelson*, 595 F.3d 1245, 1251–52 (11th Cir. 2010).   Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of the proceedings would have been different had the motion to suppress been filed and the evidence been excluded.   *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000); *Huynh v. King*, 95 F.3d 1052, 1058–59 (11th Cir. 1996); *Thomas v. Newsome*, 821 F.2d 1550, 1552 (11th Cir. 1987).

Defendant's suggestion that counsel was constitutionally ineffective for his failure to challenge law enforcement's stop of the Nissan pick-up truck on the night of May 23, 2010, is without merit.   Counsel could not have made a good-faith claim that law enforcement did not have probable cause to stop the vehicle.   Law enforcement had evidence obtained from consensually monitored conversations about Popoca's drug activity and the reason for his meeting with the SOI and thus had probable cause to stop the vehicle in which Defendant was riding, even before it attempted to flee from law enforcement, and struck two law enforcement vehicles in the process.   Counsel was not constitutionally ineffective for failing to make a baseless motion.

Case Nos.: 3:10cr67/RV/EMT; 3:14cv28/RV/EMT

### Ground Three—Failure to Move for Judgment of Acquittal

Defendant contends that trial counsel was ineffective for failing to move for a judgment of acquittal at the close of the Government's case and renew that motion at the close of all the evidence, claiming that the Government did not meet its burden of proof.   Contrary to Defendant's assertion, counsel did move for a judgment of acquittal in both instances, but his request was denied (ECF No. 255 at 155–57, 178). The court noted that the evidence was sufficient for the jury to find guilt as to all defendants who had proceeded to trial, if it chose to do so (ECF No. 255 at 156–57). Furthermore, the court notes that the Eleventh Circuit found that Defendant's challenge to the sufficiency of the evidence with respect to Count Two, possession with intent to distribute, was meritless, and did not even warrant discussion (ECF No. 306).   Defendant is not entitled to relief.

### Ground Four—Failure to Object to Jury Instruction

Defendant next contends counsel was constitutionally ineffective because he failed to object to the district court using a new pattern jury instruction, which resulted in him being convicted of a crime for which he had not been indicted. Although none of the attorneys raised any objections to the jury instructions,

including Defendant's counsel, the instruction of which Defendant now complains did not pertain to him.

In the record excerpt supplied by Defendant, the court references an instruction that "sets out three separate ways instead of two separate ways that the new pattern instruction describes" (ECF No. 255 at 179). This description corresponds to the court's instruction on Count III, which relates only to co-defendant Popoca (ECF No. 145 at 15–16). Defendant's attorney would have had no reason or basis to make an objection to an instruction that was inapplicable to his client, and thus Defendant is not entitled to relief on Ground Four.

### Grounds Five and Six—Failure to Object to PSR

Defendant's fifth and sixth grounds for relief relate to objections he maintains counsel should have made to the PSR. Defendant contends that trial counsel failed to challenge the guideline range and drug quantity, as well as the § 2D1.1(b)(1) enhancement.

To the extent Defendant wishes to argue that his base offense level should have been lower than 32 because the offense conduct did not involve more than five kilograms of cocaine, his assertion is directly contradicted by the jury's verdict.

Case Nos.: 3:10cr67/RV/EMT; 3:14cv28/RV/EMT

The jury found beyond a reasonable doubt that the conspiracy involved at least five kilograms of cocaine (ECF No. 151).   Counsel was not constitutionally ineffective for failing to assert that Defendant's base offense level should have been lower than 32.

Next, Defendant asserts that counsel should have filed a written objection challenging the application of the § 2D1.1(b)(1) enhancement for possession of a firearm.   This adjustment was applied based on law enforcement's seizure of two firearms from the vehicle in which Defendant was traveling on the date of his arrest. The PSR notes that there was no evidence to suggest that firearms were carried on previous drug shipments, but that in this instance, the loaded firearms were present when the three men traveled from Alabama to Pensacola to investigate the status of a missing drug courier (ECF No. 186, PSR ¶ 47).

As recognized by the Eleventh Circuit, "guns and drugs go together." *United States v. Gray*, 544 F. App'x 870, 889–90 (11th Cir. 2013) (citing *United States v. Lopez*, 649 F.3d 1222, 1242 (11th Cir. 2011)).   Application of the enhancement does not require that Defendant personally have possessed a weapon; co-conspirator possession will suffice.   *United States v. Pham*, 463 F.3d 1239, 1245

(11th Cir. 2006) (*citing United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir. 2005)).   The enhancement applies to a co-conspirator, such as Defendant in this case, when the Government establishes by a preponderance of the evidence that "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant."   *Id.*   Application note 11 to U.S.S.G. § 2D1.1(b)(1) provides that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."   Under the circumstances of this case, it was not at all "improbable" that Popoca's possession of the weapon was related to the charged conspiracy.   Counsel was not constitutionally ineffective for his failure to make a meritless objection.

### Ground Seven—Failure to Comport with *Alleyne v. United States*

Defendant contends that his conviction and sentence did not comport with the rule in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that any fact that increases the statutory mandatory minimum must be submitted to the jury and proven beyond a reasonable doubt.   Defendant maintains that his sentence violates *Alleyne* in two

respects.   First he asserts that the jury found him liable for 500 grams of cocaine, and that it was improper for the court to hold him accountable for 12 kilograms. Second, he contests the two-level adjustment for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) absent a jury finding on this issue.

For two reasons, Defendant is not entitled to relief.   First, *Alleyne* adopted a new constitutional rule of criminal procedure and it is not retroactively applicable to cases on collateral review.   *See In re Sams,* 830 F.3d 1234, 1241–42 (11th Cir. 2016) (neither the Supreme Court nor the Eleventh Circuit has held that *Alleyne* is retroactively applicable on collateral review); *Jeanty v. Warden, FCI Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (holding that *Alleyne* does not apply retroactively such that a prisoner seeking relief can meet the five-part 18 U.S.C. § 2255(e) savings clause test); *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (noting that *Alleyne* was decided in the context of a direct appeal and the Supreme Court has not expressly declared it to be retroactive on collateral review).

Defendant's claim also fails because even if *Alleyne* were applicable, the rule announced therein would not afford Defendant any relief.   The jury found, by special verdict, that the conspiracy charged in Count One involved at least five

kilograms of cocaine (ECF No. 151).   This finding triggered the application of the statutory mandatory minimum of ten years found in 21 U.S.C. § 841(b)(1)(A). Based on the jury's finding of 500 grams or more of cocaine with respect to Count Two, Defendant was also subject to a five-year mandatory minimum term of imprisonment, as well as a maximum penalty of forty years.   21 U.S.C. § 841(b)(1)(B).   Neither mandatory minimum came into play, as Defendant's guidelines range fell within the statutorily prescribed ranges.   Furthermore, the two-level guidelines adjustment for a co-conspirator's possession of a firearm had no bearing upon on the statutory mandatory minimum.   Defendant's sentence is not constitutionally infirm after *Alleyne,* and he is not entitled to relief.

## Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

Case Nos.: 3:10cr67/RV/EMT; 3:14cv28/RV/EMT

1.     The motion to vacate, set aside, or correct sentence (ECF No. 337) be

**DENIED**.

2.     A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13<u>th</u> day of January 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:10cr67/RV/EMT; 3:14cv28/RV/EMT